859 P.2d 1335

**In the Matter of a Member of the State Bar of Arizona, Jesse R. MIRANDA, Respondent.**

**No. SB–93–0037–D.**
**Comm. No. 92–0303.**

Supreme Court of Arizona.

Sept. 23, 1993.

---

Yigael M. Cohen, State Bar Counsel, and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **JESSE R. MIRANDA**, a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of seven months, effective as of January 1, 1993, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **JESSE R. MIRANDA** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **JESSE R. MIRANDA** shall pay the costs of these proceedings in the amount of $316.55.

EXHIBIT A

Before the Disciplinary Commission

of the

Supreme Court of Arizona

Comm. No. 92–0303

In the Matter of

JESSE R. MIRANDA,

a Member of the State

Bar of Arizona,

RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed May 12, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on March 13, 1993, on an agreement for discipline by consent, pursuant to Ariz. R.Sup.Ct., Rule 56(a). The agreement, providing for suspension and probationary terms, was tendered prior to the issuance of a formal complaint, and was reviewed by

the Commission without referral to a hearing committee, pursuant to Rule 53(b)(4).[1]

## Decision

After review of the record on appeal, the Commission, by a vote of nine aye,[2] recommends acceptance of the agreement for discipline by consent providing that Respondent be suspended for a period of seven months, effective as of January 1, 1993; that he seek assistance from the Law Office Management Assistance Program ("LOMAP"); that he take 24 hours of continuing legal education, in addition to the minimum hours required, to be divided equally between law office management and criminal law; and that he pay all costs and expenses incurred by the State Bar in the processing of this matter and all costs incurred in connection with his referral to LOMAP. The Commission unanimously adopts the tender of conditional admissions and agreement for discipline by consent and the joint memorandum in support of the agreement for discipline by consent as its findings of fact and conclusions of law.

In accepting the conclusions of law of the agreement and memorandum, the Commission notes what is clearly a typographical error. The agreement and memorandum state that Respondent's conduct violated ER 1.3 and ER 3.2, as well as ER 3.3, which concerns candor toward the tribunal. There is no issue in this matter concerning Respondent's lack of candor. Rather, the Commission acknowledges that the reference was intended to be to ER 3.4, which, in part, addresses knowing failure to obey an obligation under the rules of a tribunal.[3] Failure to comply with a court order is the very heart of the subject misconduct. The Commission, therefore, acknowledges that

Respondent's actions violated ER 1.3, ER 3.2, and ER 3.4.

## Facts

Respondent was retained by a client in or around September 1990 for representation on a criminal matter. Respondent was paid a retainer of $5,000 for this representation. Subsequent to the client's conviction, Respondent agreed to represent him on appeal, as well. However, the client never paid Respondent the appeal costs.

In May 1991, Respondent was granted an extension of time to file the opening brief. In July 1991, Respondent filed a late and deficient opening brief. In September 1991, the United States Court of Appeals ordered Respondent to show cause why sanctions should not be imposed against him for filing the deficient brief, and ordered him to pay the docket fees and remedy the brief deficiencies.

Respondent did not respond to that order, and in November 1991, the court again ordered Respondent to pay the docket fees and show cause why sanctions should not be imposed. Although Respondent was warned that failure to respond to this order would result in the imposition of sanctions, Respondent again failed to respond. Accordingly, the court imposed a fine of $500 against Respondent. Respondent then paid the fine and complied with the court orders.

Respondent conditionally agrees that this conduct was in violation of ER 1.3, ER 3.2, and ER 3.3.[4]

## Discussion of Decision

■ The Commission agrees that Respondent failed to act with diligence and promptness in representing his client, and failed to make reasonable efforts to expe-

---

1. Rule 56(a) provides that a respondent may tender a conditional admission of a charge in exchange for a stated form of discipline other than disbarment. Rule 53(b)(4) further provides that when an agreement for discipline is filled prior to the issuance of a formal complaint, it shall be submitted directly to the Commission for review.

2. Commissioners Goldsmith and Malm did not participate in these proceedings. Christopher

Jensen and Robert Miles participated as ad hoc members.

3. The State Bar confirms that ER 3.3 was listed in error, and that the reference should have been to ER 3.4.

4. The Commission notes that this reference should read "ER 1.3, ER 3.2, and ER 3.4."

dite litigation consistent with the interests of his client, in violation of ER 1.3 and ER 3.2, respectively. The Commission also finds that Respondent violated ER 3.4 when he knowingly disobeyed several court orders.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions.* This is the guideline used by the Supreme Court. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Standards indicate suspension is the proper sanction.

Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. Standard 6.22 provides for suspension when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

Although the final outcome of the client's lawsuit is not known, the potential for injury to the client and interference with a legal proceeding is clear. Respondent explains that he did not pay the docket fees because he had been unable to secure payment of the fees from his client. As Respondent was previously censured for providing financial assistance to a client, Respondent was reluctant to pay the fees himself without some assurance that his client would reimburse him. He has acknowledged, however, that he should have responded in some manner to the court's orders.

The Commission also considered existing aggravating and mitigating factors to assist in determining the appropriate sanction.

Standard 9.32 lists factors which can be considered in mitigation, many of which are present here. Respondent was not moti-

vated by dishonesty or selfishness, he has made full and free disclosure and has exhibited a cooperative attitude throughout these proceedings, and he has already received a $500 fine from the court for this conduct. The memorandum in support of the agreement also includes character or reputation and remorse as mitigating factors.

One aggravating factor is present, as listed in Standard 9.22. Respondent has been sanctioned on two prior occasions for violations of his ethical duties. Respondent was censured and placed on probation in May 1989, and was suspended for three months in February 1992.

The Commission recognizes that the mitigating factors greatly outnumber the factors in aggravation. However, the fact that Respondent has twice been sanctioned within the last five years outweighs all mitigating factors. Were Respondent's conduct an isolated instance, the Commission would consider a seven-month suspension too harsh. However, in light of his previous sanctions, the Commission believes it imperative that Respondent establish his competency prior to reinstatement. A suspension of seven months will accomplish that goal.[5] In addition, the probationary terms requiring Respondent to obtain additional continuing legal education hours and LOMAP assistance will help Respondent maintain his competency once he returns to practice.

RESPECTFULLY SUBMITTED this 10th day of May, 1993.

/s/Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission

---

5. A member suspended for more than six months must present proof of rehabilitation pri-

or to reinstatement. Rule 71(d) and 72.